UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM BURKS,

        Plaintiff,

v.                                         Case No. 25-cv-1847-bhl

CO O'CONNELL,

        Defendant.

## SCREENING ORDER

Plaintiff William Burks, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Burks' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Burks has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Burks has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $4.31. Burks' motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short

and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Burks, on November 13, 2024, he laid flat on his cell floor and reached out a small opening at the bottom of his door to retrieve a mesh bag full of food that the inmate in the cell above him was trying to pass to him. Burks asserts that Defendant corrections officer O'Connell came rushing toward his cell and stomped hard on his hand, causing tremendous pain to Burks. O'Connell demanded Burks give him the bag. Burks explained to O'Connell that he could not give him the bag because he was standing on his hand. Burks asserts that he repeatedly cried out in pain and tried to get his hand free. When he did, O'Connell began repeatedly stomping on Burks' hand, causing even more pain. Burks asserts that another officer eventually arrived and told O'Connell he was not handling the situation professionally; O'Connell was then given a direct order over the radio to free Burks' hand. Burks' asserts that his hand was painful and bloody and required medical treatment.

## THE COURT'S ANALYSIS

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The "central question" when evaluating whether force used against a prisoner is excessive is "whether force was applied in a good-faith

2

Case 2:25-cv-01847-BHL    Filed 02/05/26    Page 2 of 4    Document 8

effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (quoting *Hudson*, 503 U.S. at 6). With the foregoing legal principles in mind, the Court will allow Burks to proceed on an excessive force claim against O'Connell based on allegations that he repeatedly stomped on Burks' hand to cause him harm.

However, the Court highlights that despite Burks' assertion in his complaint that he exhausted the available administrative remedies, the attachments he filed in support of his complaint suggest that he did not timely appeal the dismissal of his inmate complaint. *See* Dkt. No. 1-1 at 10. The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), meaning that, to properly exhaust, inmates must adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). A failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 211–12 (2007), so the Court will not resolve this issue now. However, Burks is advised that if he did not strictly comply with the grievance procedures by timely filing his appeal, his complaint may be subject to dismissal. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

**IT IS THEREFORE ORDERED** that Burks' motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Burks' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO O'Connell.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO O'Connell shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Burks shall collect from his institution trust account the $345.69 balance of the filing fee by collecting monthly payments from Burks' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Burks is

transferred to another institution, the transferring institution shall forward a copy of this Order along with Burks' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Burks is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 4th day of February, 2026.

*s/ Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge